FOR THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *CROWN FOODS, INC.,*<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>*MERCEDES-BENZ USA, LLC, and*<br>*ASBURY AUTOMOTIVE ST. LOUIS,*<br>*LLC dba PLAZA MOTOR COMPANY,*<br><br>　　　　　　　　Defendants. | Cause No. 4:22-CV-663-SRW<br><br>**JURY TRIAL DEMANDED** |

## MERCEDES-BENZ USA, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Mercedes-Benz USA, LLC, ("MBUSA"), by and through its attorneys Sandberg Phoenix & von Gontard P.C., and states the following for its Motion to Dismiss or, alternatively, for More Definite Statement of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b) and 12(e):

　　　1.　Plaintiff filed a four-count lawsuit alleging breach of contract, breach of the Missouri Merchandising Practice Act (consumer fraud), fraudulent representation, and negligent representation in Missouri state court on May 18, 2022. MBUSA has removed this matter to the Eastern District of Missouri based on diversity jurisdiction.

　　　2.　Plaintiff's claims arise out of Plaintiff's purchase of a 2017 Mercedes-Benz AMG S63 (the "Vehicle") from a Missouri dealership in 2017. In particular, Plaintiff alleges it purchased the Vehicle for $200,000 in or around 2017 and also purchased an extended warranty. However, Plaintiff alleges the Vehicle experienced mechanical problems including unexplained noises, brake repairs, steering column issues, and an allegedly defective dashboard which

17480525.v1

Plaintiff alleges caused various damages.

3. Plaintiff's state court Petition alleges four counts claiming Breach of Contract (Count I), Unlawful Business Merchandising Practices pursuant to RSMo. § 407.020 (Count II), Fraudulent Misrepresentations (Count III), and Negligent Misrepresentations (Count IV). All four Counts fail to state a viable claim against MBUSA and should be dismissed. Alternatively, a more definite statement should be required.

4. To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ball-Bey v. Chandler*, 415 F.Supp.3d. 884, 890 (E.D. Mo. Nov. 14, 2019); *citing Iqbal*, 556 U.S. at 679. A claim has facial plausibility only when the plaintiff has pled factual content that would permit the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Nestle Purina Petcare Company v. Blue Buffalo Company, Ltd.*, 181 F.Supp.3d 618, 628-29 (E.D. Mo. Apr. 19, 2016); *citing Iqbal*, 556 U.S. at 678. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

5. Alternatively, the Court may require a more definite statement when there is an ambiguity or omission in the pleadings that render it unanswerable. Fed.R.Civ. P. 12(e); *Love v. Career Educ. Corp.*, No. 4:11-cv-1585, 2012 Dist. Lexis 87, at *1 (E.D. Mo. Jan. 3 2012)(Ross, J.)

6. Here, Plaintiff's Count I appears to invoke breach of both warranty and extended warranty claims against both Defendants, but fails to attach copies to the Petition/Complaint or to describe any alleged contract or warranty obligation with any detail. It is well established mere references to unspecified agreements are insufficient to state a claim for breach of contract

and that breach of contract claims must specifically set out the claimant's rights or defendant's obligations. *See Debord v. Nat'l Lloyds Ins. Co.*, Case No. 1:15-cv-00008-SNLJ, 2015 U.S.Dist. Lexis 43321 at *2-3 (E.D. Mo. Apr. 2, 2015)(Limbaugh, J.); *citing Reitz v. Nationstar Mortg., LLC.,* 954 F.Supp.2d 870, 884 (E.D. Mo. 2013). Accordingly, Plaintiff's mere references to a warranty (or multiple warranties) are insufficient to state a breach of contract claim.

7. Second, Plaintiff is an Illinois corporation, not a consumer, and therefore has no standing to pursue a claim under the Missouri Merchandising Practices Act, RSMo. § 407.020 (the "MMPA"). *See Saey v. CompUSA, Inc.*, Case. No. 4:96-cv-365, 174 F.R.D 448 at *5-6 (E.D.Mo. Aug. 14, 1997) (Perry, J.)(excluding claim from a customer making purchases on behalf of a business from an alleged class action under the MMPA); *Southeast Mo. Hosp. v. C.R. Bard, Inc.*, Case No. 1:07-cv-0031-TCM, 2008 Dist. Lexis 4480 at *29 (E.D. Mo. Jan. 22, 2008)(Mummert, M.J.)(hospital purchasing catheters had no standing to raise an MMPA claim because it was not a person purchasing catheters for "personal, family or household purposes").

8. Third, Plaintiff's purported fraud-based claims, Count II and III, fail to meet Federal Rule 9(b)' s heightened pleading standard requiring plaintiffs to allege facts such as "time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001).

9. Lastly, due to the fact Plaintiff's petition makes clear any alleged damages are purely economic in nature and arise solely from Plaintiff's alleged loss of use of the Vehicle, which are the same damages recoverable under an alleged breach of contract claim, Plaintiff's purported negligent and fraudulent misrepresentation claims are barred by the economic loss doctrine. *See Dannix Painting, LLC v. Sherwin-Williams Co.*, 4:12-cv-01640-CDP, 2012 U.S.

Dist. Lexis 170845 at *5-6 (E.D.Mo. Dec. 3, 2012)(Perry, J.); *see also Compass Bank v. Eager Rd. Assocs.*, *LLC*, Case No. 4:12-cv-01059, 922 F.Supp.2d 818, 827-28, 2013 U.S.Dist. Lexis 17087 **19-20 (E.D.Mo. Feb. 8, 2013)(Hamilton, J.).

10.     MBUSA incorporates its contemporaneously filed Memorandum of Law in Support of Motion to Dismiss as if fully set forth herein.

WHEREFORE, for the reasons stated above and in Defendants' Memorandum in Support Motion to Dismiss or, in the alternative, for More Definite Statement, Defendant Mercedes-Benz USA, LLC, respectfully requests the Court enter an Order GRANTING Defendants' Motion and dismissing Count I-IV of Plaintiff's Petition/Complaint, with prejudice, and to award any additional relief deemed just and proper under the circumstances. Alternatively, MBUSA respectfully requests the Court order Plaintiff to provide a more definite statement of Counts I-IV consistent with Federal Rules 8 and 9(b) where applicable.

SANDBERG PHOENIX & von GONTARD P.C.

By:     */s/Timothy R. Tevlin*
          Aaron D. French, #50759
          Timothy R. Tevlin, #6324746IL
          600 Washington Avenue - 15th Floor
          St. Louis, MO  63101-1313
          314-231-3332
          314-241-7604 (Fax)
          afrench@sandbergphoenix.com
          ttevlin@sandbergphoenix.com

          *Attorneys for Defendant*
          *Mercedes-Benz USA, LLC*

4

17480525.v1

**Certificate of Service**

      I hereby certify that on 30th day of June 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                                         */s/Timothy R. Tevlin*

**Certificate of Service**

      The undersigned certifies that on 30th day of June 2022 that a copy of the foregoing was sent by electronic mail to the following counsel of record:

Jay L. KanzLer, Jr.
Witzel Kanzler & Dimmitt, LLC
jaykanzler@wkllc.com
*Attorneys for Plaintiff*

                                                                        */s/Timothy R. Tevlin*

17480525.v1