FOR THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *CROWN FOODS, INC.,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 4:22-CV-663-SRW |
| *MERCEDES-BENZ USA, LLC, and ASBURY AUTOMOTIVE ST. LOUIS, LLC dba PLAZA MOTOR COMPANY,* | ) ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' PETITION OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW, Mercedes-Benz USA, LLC, ("MBUSA"), by and through its attorneys Sandberg Phoenix & von Gontard P.C., and states the following for its Memorandum of Law in support of Motion to Dismiss or, alternatively, for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(b) and 12(e):

### **INTRODUCTION**

Plaintiff filed a four-count lawsuit alleging breach of contract, breach of the Missouri Merchandising Practice Act (consumer fraud), fraudulent representation, and negligent representation in Missouri state court on May 18, 2022, related to Plaintiff's purchase of a 2017 Mercedes-Benz AMG S63 (the "Vehicle") from a Missouri dealership in 2017. MBUSA has removed this matter to the Eastern District of Missouri based on diversity jurisdiction.

In particular, Plaintiff alleges it purchased the Vehicle for $200,000 in or around 2017 and later purchased an extended warranty. However, Plaintiff alleges the Vehicle experienced mechanical problems including unexplained noises, brake repairs, steering column issues, and an

allegedly defective dashboard.

Plaintiff alleges it has unsuccessfully attempted to resolve its complaints with both Defendants but filed the pending four-count lawsuit alleging Breach of Contract (Count I), Unlawful Business Merchandising Practices pursuant to RSMo. § 407.020 (Count II), Fraudulent Misrepresentations (Count III), and Negligent Misrepresentations (Count IV).

All four Counts fail to state a viable claim against MBUSA. First, both Missouri law and federal pleading requirements demand any claim alleging a breach of contract, including an alleged warranty, to identify the specific terms of the purported contract at issue or to attach a copy of the contract as an exhibit. Here, Plaintiff appears to invoke breach of both warranty and extended warranty claims against both Defendants, but fails to attach copies to the Petition/Complaint or to describe any alleged contract or warranty obligation with any detail. The failure to adequately describe any contractual duties allegedly breached is grounds for dismissal or a more definite statement.

Second, Plaintiff's purported Unlawful Business Merchandising Practices claim fails because Plaintiff is an Illinois corporation, not a consumer. Plaintiff's Petition fails to establish it is qualified to pursue an MMPA claim and, therefore, dismissal or a more definite statement is proper.

Third, Plaintiff's purported fraud-based claims, Count II and III, fail to meet the heightened pleading standard stated by Federal Rule 9(b) requiring plaintiffs to allege facts such as "time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001). Plaintiff's allegations fail to state facts to show MBUSA can be liable under either claim, and dismissal or a more definite statement is

2

17480470.v1

required.

Lastly, Plaintiff's purported negligent and fraudulent misrepresentation claims are barred by the economic loss doctrine.  Plaintiff's Petition makes clear any alleged damages are purely economic in nature and arise solely from Plaintiff's alleged loss of use of the Vehicle, which are the same damages recoverable under an alleged breach of contract.  Missouri law prohibits recovery for these alleged damages under the economic loss doctrine.

## FACTUAL BACKGROUND

In or around 2017, Plaintiff purchased a Mercedes-Benz AMG S63 from Asbury Automotive in St. Louis County for approximately $200,000.  [Plaintiff's Petition, attached as Exhibit A, at ¶ 4-5].  Plaintiff is a corporation and an Illinois resident.  [*See Id*. at p. 1].  At the time of the purchase, Plaintiff alleges it was told the Vehicle "was the 'best car' Mercedes had ever produced" and that the Vehicle was commensurate with its price.  [*Id*. at  ¶15].   Further, Plaintiff alleges it purchased an "extended Mercedes Benz warranty" for $8,500 and was told an extended warranty would cover the Vehicle's repair costs for problems experienced "subsequent to the initial manufacturer's warranty".  [See *Id*. at  ¶¶ 12, 16].  Plaintiff alleges it relied on those alleged assurance in deciding to make its purchases.  [*Id*. at  ¶¶ 15-16].

After making its purchase Plaintiff claims the Vehicle "almost immediately" experienced mechanical problems, including unexplained noises for which the Vehicle was in the shop constantly.  [*Id*. at  ¶ 6].  Plaintiff further claims the Vehicle experienced brake problems, a dashboard repair (taking approximately 3-months to complete], and steering column issues which allegedly were not successfully repaired.  [Exhibit A, at  ¶¶ 6-11].  Plaintiff alleges it incurred out-of-pocket cash expenses towards these various issues.  [*Id*.]  Additionally, Plaintiff alleges MBUSA refused to repair the ongoing problems with the Vehicle despite its purchase of

the extended warranty.  [*Id*. at  ¶ 12].

In summary, Plaintiff alleges the Vehicle has not worked properly, has required constant repairs, and has been in the shop repeatedly for prolonged periods of time which has prevented Plaintiff from being "able to enjoy the benefit of a very expensive automobile."  [*Id*. at  ¶ 14]. Plaintiff generally claims "damages proximately caused by the defendants" without specifying particular amounts.  [*See* Exhibit A, at  ¶¶ 14, 22].  However, in certain Counts Plaintiff states damages include "the amount of the Vehicle's purchase price, the cost of repair, lost use and enjoyment of the Vehicle, the cost of the extended warranty, attorneys' fees and costs incurred in bringing this suit."  [*See e.g.* Exhibit A, at  ¶ 25].

## ARGUMENT

### A.  Legal Standard

When reviewing a Rule 12(b) motion to dismiss, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  *See Stodghill v. Wellston Sch. Dis.,* 512 F.3d 472, 476 (8th Cir. 2008).  However, the Court need not accept as true a legal conclusion couched as a factual allegation.  *Hays v. Nissan North America, Inc.*, 297 F.Supp.3d 958, 961 (W.D. Mo. 2017)(Wimes, J.); *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ball-Bey v. Chandler*, 415 F.Supp.3d. 884, 890 (E.D. Mo. Nov. 14, 2019); *citing Iqbal*, 556 U.S. at 679.  A claim has facial plausibility only when the plaintiff has pled factual content that would permit the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See*

4

*Nestle Purina Petcare Company v. Blue Buffalo Company, Ltd.*, 181 F.Supp.3d 618, 628-29 (E.D. Mo. Apr. 19, 2016); *citing Iqbal*, 556 U.S. at 678.  Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*.

Alternatively, the Court may require a more definite statement when there is an ambiguity or omission in the pleadings that render it unanswerable.  Fed.R.Civ. P. 12(e); *Love v. Career Educ. Corp.*, No. 4:11-cv-1585, 2012 Dist. Lexis 87, at *1 (E.D. Mo. Jan. 3 2012)(Ross, J.)

### B.  Plaintiff Fails To Adequately State A Breach Of Contract Claim

Plaintiff's vague warranty reference is not sufficient to state a breach of contract claim.  Parties fail to state a claim for breach of contract if they do not set out the claimant's rights or defendant's obligations.  *See Debord v. Nat'l Lloyds Ins. Co.*, Case No. 1:15-cv-00008-SNLJ, 2015 U.S.Dist. Lexis 43321 at *2-3 (E.D. Mo. Apr. 2, 2015)(Limbaugh, J.); *citing Reitz v. Nationstar Mortg., LLC.,* 954 F.Supp.2d 870, 884 (E.D. Mo. 2013).  Mere references to unspecified agreements are insufficient to state a claim for breach of contract.  *Id*.

For example, the plaintiffs in *Debord* failed to state breach of contract against its insurer by merely referencing an insurance policy but failing to identify the specific provisions of the policy that were at issue.  *Debord*, 2015 U.S.Dist. Lexis 43321 at *3-4.  Similarly, Plaintiff here has only referenced warranties without identifying specific provisions, rights, or obligations allegedly at issue.  The mere reference to alleged warranty or extended warranty claims is not enough to show any purported warranty was breached.  Accordingly, dismissal or a more definite statement is required.

### C.  Plaintiff Has No Standing To Maintain An MMPA Claim

The Missouri Merchandising Practices Act, RSMo. § 407.020, *et. seq.*  ("MMPA") allows

5

any "person who purchases or leases merchandise primarily for personal, family or household purposes" to file a civil action if an alleged violation occurs.  *See* RSMo. § 407.025.1(1).  The law itself was enacted to protect consumers by supplementing the definitions of common-law fraud in an attempt to preserve "honesty, fair play and right dealings in public transactions."  *See Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. Banc 2009).

However, to have standing under the MMPA a plaintiff must establish he or she "acted as a reasonable consumer" in connection with the alleged purchase.  *Id*. at § 407.025.1(2).  Customers making purchases on behalf of a business "do not have standing to bring a claim under Missouri's Merchandising Practices Act."  *See Saey v. CompUSA, Inc.*, Case. No. 4:96-cv-365, 174 F.R.D 448 at *5-6 (E.D.Mo. Aug. 14, 1997) (Perry, J.)(excluding claim from a customer making purchases on behalf of a business from an alleged class action under the MMPA); *Southeast Mo. Hosp. v. C.R. Bard, Inc.*, Case No. 1:07-cv-0031-TCM, 2008 Dist. Lexis 4480 at *29 (E.D. Mo. Jan. 22, 2008)(Mummert, M.J.)(hospital purchasing catheters had no standing to raise an MMPA claim because it was not a person purchasing catheters for "personal, family or household purposes").

Here, Plaintiff is unquestionably an Illinois corporation.  The Petition/Complaint fails to state any facts to show Plaintiff purchased the Vehicle for "personal, family or household purposes" and, therefore, fails to state facts to show the MMPA could apply.  Dismissal or a more definite statement is necessary.

### D. Plaintiff Fails To State Facts With Particularity To Support Purported Consumer Fraud Or Fraudulent Misrepresentation Claims

Federal Rule 9(b) requires parties alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  The heightened pleading requirement of Rule 9(b) applies to a claim under a state consumer fraud statute, such as the MMPA.  *Blake v. Career Educ. Corp.,* 2009 WL 140742 at *2 (E.D. Mo. Jan. 20, 2009); *see also Muhammad v. Pub.*

6

17480470.v1

*Storage Co.,* No. 14-0246-CV-W-ODS, 2014 U.S. Dist. Lexis 100866, at *3 (W.D. Mo July 24, 2014).  Fraudulent misrepresentation claims also must satisfy the heightened pleading standard. *See e.g. Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013)

Accordingly, to adequately plead an MMPA or fraudulent misrepresentation claim against MBUSA, Plaintiff must allege facts such as "time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001); *see also Freitas*, 703 F.3d at 439 ("in other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how . . .").

In terms of an alleged MMPA claim, Plaintiff's claim fails against MBUSA because it fails to allege any alleged misrepresentation attributable only to MBUSA.  Further, Plaintiff fails to allege MBUSA engaged in any sort of deception that is essential to support an MMPA claim.  *Bolt v. Giordano*, 10 S.W.3d 237 (Mo.Ct.App. E.D. 2010) (finding some deception was essential and mere failure to deliver auto title was not a deceptive practice for purposes of MMPA liability); s*ee also Hope v. Nissan North America, Inc.*, 353 S.W.3d 68 (Mo.Ct.App. W.D. 2011)( Alleged deception involving omission of a material fact requires a showing that the omitted fact was known to or reasonably discoverable by the defendant. .

This is fundamental because under Missouri law an alleged breach of warranty, by itself, is not enough to support an MMPA claim.  *See Jackson v. Hazelrigg Automotive Service Center, Inc.*, 417 S.W.3d 886, 894-95 (Mo.Ct.App. SD. 2014).  In *Hazelrigg*, a used car dealership was found to have breached a customer's warranty related to repair costs.  The Missouri Court of Appeals rejected the plaintiff's position a breach of warranty is "*per se*" an "unfair practice" as a matter of law.  *Id*. at 894-95.  Instead, whether the defendant's actions constituted unfair or

7

deceptive practices were questions of fact left to the trial court to decide. *Id.*; *citing Kiechle v Drago*, 694 S.W.2d 292, 293-94 (Mo.Ct.App. W.D. 1985) (affirming dismissal of an MMPA claim against a car repair shop because "there was no evidence [defendant] made any false promise or practiced any deception with respect to his ability to restore plaintiff's vehicle").

Here, Plaintiff fails to allege any facts to support an MMPA claim based on simple breach of warranty. Plaintiffs fail to identify any specific representations MBUSA allegedly made related to the Vehicle. Instead, Plaintiff relies on the claim he was told the Vehicle was the "best car' Mercedes had produced; that the vehicle was commensurate with its price tag; and that an extended warranty Plaintiff purchased "would cover the repair costs for problems experienced with the Vehicle". [*See* Petition, at ¶¶ 15-16]. Given that alleged MMPA violations are fact specific under cases like *Hazelrigg*, the failure to allege any facts to support an unfair practices allegation is fatal to the claim.

Further, as for alleged fraudulent misrepresentations Plaintiff alleges only that "Defendants represented to Plaintiff that the Vehicle was the best car produced by Mercedes Benz, that it would address the mechanical failures of the Vehicle, and that the extended warranty would cover the costs of repairs to the Vehicle." [Petition at ¶ 28].

These allegations fail to identify any specific representations MBUSA allegedly made related to the Vehicle or warranty and, therefore, fail to state the claim with particularity under Rule 9(b). Without any specific factual allegations MBUSA committed some fraudulent act related to Plaintiffs' Vehicle purchase, Plaintiff has failed to properly allege a viable MMPA or fraudulent misrepresentation claim. Counts II and III should be dismissed or a more definite statement should be required.

8

### E. The Economic Loss Doctrine Bars Plaintiff's Alleged Fraudulent and Negligent Misrepresentation Claims

Recovery in tort for purely economic damages are limited to cases where there is personal injury or damage to property other than that sold. *See Sharp Bros. Contracting Co. v. American Hoist & Derrick Co.,* 703 S.W.2d 901, 903 (Mo. banc 1986).  Thus, Missouri's economic loss doctrine prohibits at cause of action in tort where the losses are purely economic. *Rockport Pharmacy, Inc. v. Digital Simplistics, Inc.*, 53 F.3d 195, 198 (8th Cir. 1995).

This District has enforced Missouri's economic loss doctrine to bar negligent misrepresentation claims.  *See Dannix Painting, LLC v. Sherwin-Williams Co.*, 4:12-cv-01640-CDP, 2012 U.S. Dist. Lexis 170845 at *5-6 (E.D.Mo. Dec. 3, 2012)(Perry, J.); *citing Bruce Martin Const., Inc. v. CTB, Inc.*, 2012 U.S. Dist. Lexis 29316, (E.D. Mo. Mar. 6, 2012)(Limbaugh, J.)

Similarly, the doctrine can prevent alleged fraudulent misrepresentation claims in situations where (1) the subject matter of the alleged misrepresentation was incorporated into the parties' contract, and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud.  *See Compass Bank v. Eager Rd. Assocs.*, *LLC*, Case No. 4:12-cv-01059, 922 F.Supp.2d 818, 827-28, 2013 U.S.Dist. Lexis 17087 **19-20 (E.D.Mo. Feb. 8, 2013)(Hamilton, J.).

Here, Plaintiff's claims against MBUSA appear to solely arise out of alleged breach of warranty or misrepresentations alleged from the Vehicle or warranty purchase.  As these alleged claims would be included in a purported warranty breach claim, the economic loss doctrine prohibits any alleged fraudulent misrepresentation claim.

9

Accordingly, dismissal or a more definite statement of the alleged negligent and fraudulent misrepresentation claims is required.

## CONCLUSION

Plaintiff's state-court petition/complaint fails to state adequate facts to support any of the four pending counts against MBUSA. Accordingly, the petition/complaint should be dismissed or a more definite statement ordered to be provided within a reasonable period of time.

WHEREFORE, for the reasons stated above and in Defendants' Motion to Dismiss or for More Definite Statement, Defendant Mercedes-Benz USA, LLC, respectfully requests the Court enter an Order GRANTING Defendants' Motion and dismissing Count I-IV of Plaintiff's Petition/Complaint, with prejudice, and to award any additional relief deemed just and proper under the circumstances. Alternatively, MBUSA respectfully requests the Court order Plaintiff to provide a more definite statement of Counts I-IV consistent with Federal Rules 8 and 9(b) where applicable.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/Timothy R. Tevlin*
Aaron D. French, #50759
Timothy R. Tevlin, #6324746IL
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
afrench@sandbergphoenix.com
ttevlin@sandbergphoenix.com

*Attorneys for Defendant*
*Mercedes-Benz USA, LLC*

17480470.v1

## Certificate of Service

      I hereby certify that on 30th day of June 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                       */s/Timothy R. Tevlin*

17480470.v1