UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CROWN FOODS, INC. and<br>MAJED ABUSAID,<br><br>    Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC and<br>ASBURY AUTOMOTIVE ST. LOUIS,<br>LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:22-CV-663 SRW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the partial motion to dismiss the first amended complaint filed by Defendants Mercedes-Benz USA, LLC and Asbury Automotive St. Louis, LLC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 31. Plaintiffs Crown Foods, Inc. and Majed Abusaid oppose the motion. ECF No. 35. The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the following reasons, the partial motion to dismiss will be granted.

## I.    Background

On or around May 18, 2022, Plaintiff Crown Foods, Inc. ("Crown") filed an action against Mercedes-Benz USA, LLC ("Mercedes") and Asbury Automotive St. Louis, LLC d/b/a Plaza Motor Company ("Asbury") in the Missouri Circuit Court for the Twenty-First Judicial Circuit, St. Louis County. ECF No. 1-1. Crown asserted it purchased a new Mercedes-Benz AMG S63 (the "Vehicle") which subsequently experienced mechanical issues and defects. *Id.* at 2-8. Plaintiff's

1

complaint alleged breach of contract as to the extended warranty, unlawful business merchandising practices, and fraudulent and negligent misrepresentations. *Id.* Defendants were served with the summons and petition. *Id.* at 1. On June 23, 2022, Defendant Mercedes removed the action to this Court pursuant to diversity jurisdiction. ECF No. 1; 28 U.S.C. §§ 1332, 1441.

On June 30, 2022, Defendant Mercedes filed a motion to dismiss or, in the alternative, a motion for a more definite statement. ECF No. 8. On August 1, 2022, Defendant Asbury filed the same. ECF No. 24. Plaintiff Crown submitted an uncontested motion for leave to file a first amended complaint in lieu of responding to Defendants' motions to dismiss. ECF No. 26. The motion was granted, ECF No. 30, and an amended complaint was timely filed on September 2, 2022, ECF No. 29.

The amended complaint adds an additional Plaintiff, Majed Abusaid, who is an alleged shareholder of Crown. Plaintiffs assert that in 2017, Mr. Abusaid purchased the Vehicle from Asbury for approximately $200,000. The amended complaint states Mr. Abusaid "purchased the [V]ehicle primarily for his personal, family, or household purposes," but he acknowledges the Vehicle is registered in the name of Crown."

Plaintiffs claim there were immediate mechanical issues with the Vehicle after the sale, including unexplained noises, brake malfunctions, a defective dashboard, and a faulty steering column. The dashboard issue caused the Vehicle to be in the shop for approximately three months, and the repairs for the various issues were not covered under warranty. Plaintiffs allege that despite purchasing an $8,500 extended warranty, Mercedes refused to repair the ongoing problems with the Vehicle.

2

Plaintiffs assert that at the time of the purchase, Mr. Abusaid was told the AMG S63 was the "best car" Mercedes had ever produced, and "was assured he was getting a vehicle that was commensurate with the $200,000 price tag." Mr. Abusaid states he relied on those representations in deciding to purchase the Vehicle. However, Plaintiffs do not identify the individual or individuals who allegedly made those statements.

The amended complaint alleges four counts against both Defendants: breach of contract for failure to honor the extended warranty or refund him for the sale of the Vehicle (Count I); unlawful business merchandising practices (Count II); fraudulent misrepresentations that the Vehicle was the best car produced by Mercedes, that Mercedes would address the mechanical failures of the Vehicle, and the extended warranty would cover the costs of repairs to the Vehicle (Count III); and negligent representations (Count IV).

## II.    Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2).

## III.   Discussion

Defendants Mercedes and Asbury filed the instant partial motion to dismiss the amended complaint seeking to dismiss Counts II, III, and IV under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 31. The Court has carefully reviewed the parties' arguments, and has determined to grant the motion.

### A. Count II: Unlawful Business Merchandising Practices

Plaintiffs' amended complaint alleges Defendants violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 400.010, *et seq.* ("MMPA") for "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment suppression, or omission" of a material fact in connection with the sale of merchandise. ECF No. 29 at 4.

In the instant motion, Defendants argue the MMPA claim should be dismissed for two reasons: (1) Crown has no standing to pursue an MMPA claim because it is a business and not a consumer; and (2) Plaintiffs have failed to plead sufficient facts to establish the Vehicle was primarily used by Mr. Abusaid for personal, family, or household purposes.

Plaintiffs' response is silent as to Defendants' argument that Crown does not have standing to bring an MMPA claim. Plaintiffs do not contest that Crown does not qualify as a "consumer"

4

under the MMPA. "[A] plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims." *Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1349 (E.D. Mo. 2020) (quotation omitted). *See also Maloney v. Ameristar Casinos, Inc.*, 2010 WL 11508769, at *2 (W.D. Mo. Mar. 9, 2010) (failure to address an argument in a motion to dismiss results in the plaintiff's abandonment of the claim). The Court finds that Crown does not have proper standing to bring an MMPA claim against Defendants because it is not a consumer.

Rather than addressing Defendants standing argument, Plaintiffs' response focuses on their contention that Mr. Abusaid has sufficiently pleaded an MMPA claim. Plaintiffs point to the section of the amended complaint where Mr. Abusaid alleges the Vehicle was purchased for his personal, family, and/or household purposes. Plaintiffs argue that because the determinative factor for the application of the MMPA is the intended use of the product, and Mr. Abusaid asserted the Vehicle was for his personal use, any question about that should be resolved on a motion for summary judgment.

The MMPA creates a cause of action for "[a]ny person" who (1) purchases "merchandise" (2) "primarily for personal, family or household purposes" and (3) "suffers an ascertainable loss of money or property" (4) "as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." Mo. Rev. Stat. § 407.025.1; *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017) (citing Mo. Rev. Stat. § 407.025.1) (holding the MMPA is a consumer protection statute that "provides a private right of action to any person who sustains ascertainable loss in connection with the purchase or lease of merchandise as a result of certain practices declared unlawful"). Missouri courts consistently reinforce "the plain language

5

and spirit of the [MMPA] to further the ultimate objective of consumer protection." *Gibbons v. J. Nuckolls, Inc.,* 216 S.W.3d 667, 670 (Mo. banc 2007). The legislature enacted the MMPA to protect consumers. *Chochorowski v. Home Depot U.S.A.,* 404 S.W.3d 220, 226 (Mo. banc 2013). *See also Saey. CompUSA, Inc.*, 174 F.R.D. 448, 450 (E.D. Mo. 1997) (holding that a plaintiff alleging a violation related to a business purchase "does not have standing to bring a claim under Missouri's Merchandise Practices Act").

Defendants argue Plaintiffs have failed to sufficiently plead the Vehicle was purchased primarily "for personal, family, or household purposes" within the meaning of the MMPA. Defendants assert that although Mr. Abusaid was the individual who physically went to the Asbury dealership, he made the purchase under the company's name as a shareholder of Crown, and the conclusory statement that he purchased the Vehicle "primarily for personal, family or household purposes" is simply not enough to plead an MMPA consumer claim.

Missouri law is clear that the MMPA only applies to merchandise used *primarily* for personal reasons. *See, e.g.*, *Shuler v. Trimble Navigation, Ltd.*, 2008 WL 11337506, at *2 (W.D. Mo. May 6, 2008) (merchandise purchased for a plaintiff's business does not give rise to an MMPA claim) (citing *Saey*, 174 F.R.D. at 450) (product purchased "for business" does not denote standing under the MMPA). "The Missouri legislature's use of 'primarily' means that a business obligation does not fall within the MMPA just because it may have also incidentally served a personal purpose." *Noe v. Chastain*, 2019 WL 1560464, at *4 (W.D. Mo. Apr. 10, 2019) (citing *Conway v. CitiMortgage*, 438 S.W.3d 410, 414 (Mo. banc 2014)) (citing *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001) ("When a statute does not include a definition for a term, courts consider its plain and ordinary meaning")). Whether a plaintiff purchased a good for

6

primarily a personal, family, or household purpose is a question of fact. *Kerr v. Vatterott Educational Centers, Inc.*, 439 S.W.3d 802, 810 (Mo. Ct. App. 2014)).

Although it is a question of fact as to whether a purchase is primarily for a business or personal purpose, a plaintiff cannot bypass the requirements of a well-pleaded complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept as true "pleadings that . . . are no more than conclusions." *Id.* at 679. Plaintiffs assert a conclusory statement that Crown purchased the Vehicle primarily for Mr. Abusaid's personal, family or household purposes, but provides no facts to support such private use. For example, Plaintiffs do not allege Mr. Abusaid purchased the car with his own funds, describe where he stores the vehicle, or allege the types of activities for which he uses the vehicle on a day-to-day basis. Thus, the Court finds Plaintiffs have not adequately pleaded that the Vehicle owned by Crown is merchandise primarily used for personal, family, or household purposes.[1]

Plaintiffs argue there are no cases in Missouri finding the MMPA not applicable where a vehicle is purchased by an individual but titled in the name of the individual's company. However, just because a case with the same facts as here has not been litigated, does not support the application of the MMPA in a purchase made by a company, especially where the complaint is completely devoid of any details explaining how the Vehicle was used primarily for a shareholder's personal use despite placing the property in the name of the business.

---

[1] As mentioned above, Defendant Mercedes previously filed a motion to dismiss, or in the alternative, motion for more definite statement. ECF No. 9. Within that filing, Mercedes pointed out the original complaint's defect in not stating any facts to show the Vehicle was purchased for personal, family, or household purposes to support the application of the MMPA. Plaintiffs subsequently filed an amended complaint. Thus, Plaintiffs had an opportunity to remedy the pleading deficiency, but failed to do so.

Therefore, Plaintiffs' MMPA claim brought against Defendants Mercedes and Asbury will be dismissed for failure to state a claim and/or lack of standing. Moreover, as discussed below, the MMPA claim will also be dismissed for Plaintiffs' failure to plead fraud with particularity.

### B. Count II and III: MMPA Fraud and Fraudulent Misrepresentation

Plaintiffs allege Defendants falsely "represented . . . that the Vehicle was the best car produced by Mercedes Benz, that it would address the mechanical failures of the Vehicle, and that the extended warranty would cover the costs of repairs to the Vehicle." ECF No. 29 at 6. Plaintiffs assert Defendants made these false representations to Plaintiffs "knowing they would rely upon them, and they did so reasonably rely" as they "would not have purchased the Vehicle or the extended warranty, or continued to make repairs to the Vehicle, but for the Defendants' false representations." *Id.*

Defendants argue the fraudulent misrepresentation claims must be dismissed because Plaintiffs fail to satisfy the heightened pleading standard of Fed. R. Civ. P. Rule 9(b), which requires factual allegations as to the time, place, and contents of each false representation, as well as the identity of the persons making the statement. ECF No. 32 at 7 (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001); and *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013) ("in other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how . . ."). Defendants also assert that the heightened pleading requirement of Rule 9(b) applies to the MMPA claim in Count II, resulting in a second reason for why the MMPA should also be dismissed. In response, Plaintiffs argue they have sufficiently pleaded their claims. Although not specifically alleged in the amended complaint, Plaintiffs assert in their opposition brief that "the salesperson(s) at [Asbury] as agents of Mercedes" made the

8

representations when Plaintiffs purchased the vehicle and the extended warranty. ECF No. 35 at 7.

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud" to survive a motion to dismiss. Fed. R. Civ. P. 9(b). The Eastern and Western Districts of Missouri have consistently held that Rule 9(b) applies to MMPA cases. *See Blake v. Career Educ. Corp.*, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (collecting cases). The particularity requirement for fraud claims demands a higher degree of notice than that required for other claims and is intended to enable a defendant to respond specifically and quickly to the potentially damaging allegations. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quotations omitted). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id*. More simplistically, "the complaint must identify the who, what, where, when, and how of the alleged fraud." *Id*. (internal quotation marks and citation omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Telephone Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (citation omitted).

Here, Plaintiffs' amended complaint alleges the following as to Defendants' fraudulent representations:

> 12. Plaintiff Abusaid, through Crown, purchased the extended Mercedes Benz warranty for $8,500. Despite having purchased the extended warranty, Mercedes refused to repair the ongoing problems with the Vehicle. Plaintiff Abusaid was a third-party beneficiary under the extended Mercedes Benz warranty.

. . .

15. At the time he purchased the Vehicle, Plaintiff Abusaid was told that it was the "best car" Mercedes had ever produced, and was assured that he was getting a vehicle that was commensurate with the $200,000 price tag. Plaintiff Abusaid reasonably relied upon these assurances.

16. When Plaintiff Crown, and Abusaid as a third-party beneficiary, were sold the extended warranty by defendants, they told [him] that it would cover the repair costs for problems experienced with the Vehicle subsequent to the initial manufacturer's warranty. Plaintiffs reasonably relied upon these assurances.

. . .

28. Defendants represented to Plaintiffs that the Vehicle was the best car produced by Mercedes Benz, that it would address the mechanical failures of the Vehicle, and that the extended warranty would cover the costs of repairs to the Vehicle.

29. These representations were false, and Defendants knew they were false at the time.

30. Defendants made the false representations to Plaintiff knowing that they would rely upon them, and they did so reasonably rely. Plaintiffs would not have purchased the Vehicle or the extended warranty, or continued to make repairs to the Vehicle, but for the Defendants' false representations.

ECF No. 29 at 3-5.

As Defendants point out in the instant motion, Plaintiffs do not provide any detail about the identity of the individual(s) who made the alleged representations, *i.e.*, whether it was a representative of Mercedes or Asbury, or if such statements were made orally or in writing, *i.e.*, in a sales brochure, advertisement, or in a written contract with one or both of the Defendants. Although Plaintiffs state in their response that it was the "salesperson(s) at [Asbury] as agents of Mercedes," such allegations are not in the amended complaint. *See, e.g.*, *Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 845 (8th Cir. 2021) ("It is not sufficient to attribute alleged false statements to 'defendants' generally") (citing *Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010))); *Freitas*, 703 F.3d at 439 (finding a complaint deficient under Rule 9(b)'s heightened

10

pleading standard for, among other things, failing to identify names of employees who allegedly made fraudulent representations).

Moreover, the representations alleged – such as this is "the 'best car' Mercedes had ever produced," it is "commensurate with the $200,000 price tag," and an extended warranty would generally cover repairs subsequent to the Manufacturer's warranty – do not show that Defendants intended to defraud Plaintiffs at the time of the sale. To allege fraud with particularity, a plaintiff must "'set forth [] supporting facts showing that [defendant] intended to defraud [plaintiff] when the promises were made.'" *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 423 (8th Cir. 2020) (quoting *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590-91 (8th Cir. 2018)). Allegations indicating one's "experience did not align with [his] expectations" is not the same as pleading facts to show a defendant knew his representations were false at the time of purchase. *Id.* "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "The fact that the party did not ultimately perform is not enough, without more, to show that the promisor did not intend to perform when the promise was made." *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 726 (Mo. Ct. App. 2003) (citing *Thoroughbred Ford, Inc. v. Ford Motor Co.*, 908 S.W.2d 719, 732 (Mo. Ct. App. 1995)).

Here, the Court finds Plaintiffs' allegations that Defendants' conduct was fraudulent or deceptive are not sufficient to satisfy Rule 9(b). For a salesman or car manufacturer to assert a particular vehicle is the "best car" or worth the price is mere sales puffery rather than fraud. *See, e.g., Rich v. Eastman Kodak Co.*, 443 F. Supp. 32, 37 (E.D. Mo. 1977) (representations not actionable that cost of equipment could be justified by reduction of waste, faster turn around and

11

greater efficiency, and that equipment was dependable and buyer could expect months of trouble-free service); *Carrier Corp. v. Royale Inv. Co.*, 366 S.W.2d 346, 350 (Mo. 1963) (manufacturer's statement in brochure that its product was "unmatched in the industry for quality, performance and dependability," though untrue, was an opinion or "puffing" and therefore was not actionable). Significantly, Plaintiffs do not allege that the make and model of Vehicle they purchased was well known by Defendants to cause the type of issues Plaintiffs experienced. Although Plaintiffs allege Defendants did not make repairs as per the extended warranty, a mere unkept promise does not allege actionable fraud.

Therefore, Plaintiffs' fraudulent misrepresentation claim brought against Defendants Mercedes and Asbury will be dismissed for failure to state a claim. For the same reasons, the Court also finds Plaintiffs have failed to meet their burden in pleading fraud with particularity under the MMPA.

### C. Count IV: Negligent Misrepresentation

Plaintiffs allege the same representations Defendants made fraudulently were also made negligently, *e.g.*, "that the Vehicle was the best car produced by Mercedes Benz, that it would address the mechanical failures of the Vehicle, and that the extended warranty would cover the costs of repairs to the Vehicle." ECF No. 29 at 6.

In the instant motion, Defendants argue Missouri's economic loss doctrine bar Plaintiffs' fraudulent and negligent misrepresentation claims.[2] Defendants assert that "[r]ecovery in tort for purely economic damages [is] limited to cases where there is personal injury or damage to property

---

[2] Because the Court has already determined to dismiss the fraudulent misrepresentation claim, the Court will focus on the economic loss doctrine's effect on Plaintiffs' negligent misrepresentation claim only.

other than that sold." ECF No. 32 at 9. Defendants contend the only damages alleged in the amended complaint are contractual in nature because they solely relate to the purchase of the vehicle and the extended warranty.

In response, Plaintiffs acknowledge the economic loss doctrine prohibits a plaintiff from seeking recovery in tort for economic losses that are contractual. *See* ECF No. 35 at 9. Plaintiffs argue, however, that the economic loss doctrine does not apply here because Defendants made "negligent representations inducing them into purchasing first the vehicle, and then the extended warranty." *Id.* As such, Plaintiffs reason that their negligent misrepresentation claim differs from their breach of contract claim "because the tortious actions occurred prior to entering into the agreements" with Defendants. *Id.* at 9-10.

The economic loss doctrine bars recovery of purely pecuniary losses in tort where the injury results from a breach of a contractual duty." *Compass Bank v. Eager Rd. Assocs.*, LLC, 922 F. Supp. 2d 818, 827 (E.D. Mo. 2013) (quoting *Dubinsky v. Mermart*, LLC, 595 F.3d 812, 819 (8th Cir. 2010) (internal quotation and citation omitted)). This Court has recently addressed the economic loss doctrine as it relates to negligent misrepresentation claims:

> The economic loss doctrine can act as a bar to both fraudulent and negligent misrepresentation claims. Although the Missouri Supreme Court has not yet addressed the issue, the Eighth Circuit has predicted the Supreme Court would hold that the economic loss doctrine bars negligent misrepresentation claims for economic losses that are contractual in nature. *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905-10 (8th Cir. 2013). While "[a] fraud claim independent of the contract is actionable, [] it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement." *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1086 (8th Cir. 1998) (cited cases omitted) (applying Minnesota law); *Dubinsky*, 595 F.3d at 820 (quoting *O'Neal v. Stifel, Nicolaus & Co., Inc.*, 996 S.W.2d 700, 702 (Mo. Ct. App. 1999)) ("A fraud claim is permitted only if it arises from acts that are separate and distinct from the contract.") Two critical factors in examining whether a fraud claim is independent of a contract claim under

13

the economic loss doctrine are (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract, and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud. *Compass Bank v. Eager Road Associates, LLC*, 4:12-CV-1059, 922 F. Supp. 2d 818, 827 (E.D. Mo. Feb. 8, 2013).

*Purcell Tire & Rubber Co. v. Padfield, Inc.*, 2022 WL 2785898, at *6 (E.D. Mo. July 15, 2022).

Defendants cite to *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902 (8th Cir. 2013) to support that the economic loss doctrine bars Plaintiffs' recovery on their negligent misrepresentation claim. In that case, an employee from the Sherwin-Williams Company recommended that Dannix Painting use a particular paint for a contracted job. *Id.* at 904. The paint delaminated resulting in financial loss to Dannix. *Id.* Dannix sued Sherwin-Williams, alleging it negligently misrepresented that a particular type of paint was suitable for the project when, in fact, it was not. *Id.* at 906. On appeal from the district court's dismissal of the claim, the Eighth Circuit held that Dannix's claim for damages "is precisely the type of tort claim by a disappointed commercial buyer that the economic loss doctrine prohibits." *Id.* at 908. The Eighth Circuit emphasized that it could not locate "a Missouri case allowing a commercial buyer of goods under the U.C.C. to maintain a negligent misrepresentation claim against the seller based upon the seller's recommendation as to the fitness or performance of those goods." *Id.* at 907. Because Dannix sought recovery of purely economic damages through its negligent misrepresentation claim, the Eighth Circuit concluded that economic loss doctrine barred recovery on that claim. *Id.* at 910.

Similar to the *Dannix* case, Defendants' representations about the quality of the Vehicle and the suitability of an extended warranty are the essence of a breach of contractual warranty action, through which a contracting party can seek to recoup the benefit of its bargain. *See*

14

*Dannix,* 732 F.3d at 909. Plaintiffs' assertion that Defendants made pre-contract negligent misrepresentations does not change the analysis because the subject matter of the alleged misrepresentations – the Vehicle itself and the terms of the extended warranty – were incorporated into the contract for the purchase of the Vehicle and the extended warranty. As the negligent misrepresentation claim is not independent from the sale for the Vehicle or the purchase of the extended warranty, the Court finds Plaintiffs' negligent misrepresentation claim to arise out of its' alleged breach of contract claim. Moreover, Plaintiffs seek purely economic damages and do not adequately assert additional damages outside those recoverable in connection with their breach of contract claim. *See, e.g.*, *Self v. Equilon Enterprises, LLC,* 2005 WL 3763533, at *11 (E.D. Mo. Mar. 30, 2005) (dismissing fraudulent inducement claim where "plaintiffs suffered no damage outside of what was due to them under the contract").

For the above reasons, the economic loss doctrine applies and Defendants' motion to dismiss Count IV shall be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the partial motion to dismiss the first amended complaint filed by Defendants Mercedes-Benz USA, LLC and Asbury Automotive St. Louis, LLC pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. [ECF No. 31].

An appropriate order of dismissal will accompany this Memorandum and Order.

So Ordered this 30th day of November, 2022.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

15